```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Case No. 06-mc-024-PB

Michael Caswell


**REPORT AND RECOMMENDATION**

    This case involves a petition to enforce an Internal Revenue Service (IRS) Summons brought pursuant to the provisions of 26 U.S.C. §§ 7402(b) and 7604(a).

    The summons was issued to taxpayer Michael Caswell seeking to have him testify and produce all documents and records in his possession or control concerning income earned in the years 2003 and 2004.  The summons directed taxpayer to appear on June 21, 2005 at 10:30 a.m.  Taxpayer did not appear and has not complied with the summons.  The records sought are not in the possession of the IRS, all administrative steps have been taken, and the taxpayer's testimony and records are necessary to determine tax liability.  (Exhibit A attached to Petition to Enforce).

DISCUSSION

In order to enforce its summons the IRS must show: (1) that the summons was issued for a legitimate purpose; (2) that the information sought may be relevant to that purpose; (3) that the information is not already in the IRS' possession; and (4) that the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964); United States v. LaSalle National Bank, 437 U.S. 298, 313-314 (1978). The IRS generally makes this showing a prima facie case on these four elements through the affidavit or declaration of the agent. United States v. Sancetta, M.D., P.C., 788 F.2d 67, 71 (2nd Cir. 1986); United States v. Garden State National Bank, 607 F.2d 61, 68 (3rd Cir. 1979); United States v. Will, 671 F.2d 963 (6th Cir. 1982).

The burden is then upon the taxpayer to show that the summons is invalid or enforcement would be an abuse of the Court's process. United States v. Powell, 379 U.S. at 58; United States v. LaSalle National Bank, 437 U.S. at 316. The respondent must prove specific facts to support a legally sufficient rebuttal or defense. See United States v. KIS, 658 F.2d 526,

536-539 (7th Cir. 1981), cert. denied sub nom., Salkin v. United States, 455 U.S. 1018 (1982).

The taxpayer has not disputed any of the government's prima facie case.  In fact, the defendant did not appear.  The government has met its burden.  The defendant has not met his burden.

It is recommended that the taxpayer, Michael Caswell, be ordered to obey the summons and that he be ordered to appear on July 31, 2006 at 9:00 a.m. at 195 Commerce Avenue, Portsmouth, New Hampshire, before Stephen Jerome, to give testimony and produce all books and records in his possession or control required and called for by the terms of the summons of June 2, 2006.

It is further recommended that the government be awarded its costs.

Any objections to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law

<u>Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:  June 19, 2006

cc:    Gretchen Leah Witt, Esq.
       Michael Caswell